# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ELLEN MALAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| PRESENCE CENTRAL AND | ) | Judge: |
| SUBURBAN HOSPITALS NETWORK, | ) | |
| d/b/a PRESENCE SAINT JOSEPH | ) | |
| MEDICAL CENTER, an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES, Plaintiff, ELLEN MALAS, by and through her attorneys, Seth R. Halpern and Meredith W. Buckley of Malkinson & Halpern, P.C., and complains of Defendant PRESENCE CENTRAL AND SUBURBAN HOSPITALS NETWORK d/b/a PRESENCE SAINT JOSEPH MEDICAL CENTER, as follows:

**I.     Nature of the Case**

1.     Plaintiff, ELLEN MALAS, (hereinafter "Malas" or "Plaintiff") was employed by Defendant PRESENCE CENTRAL AND SUBURBAN HOSPITALS NETWORK d/b/a PRESENCE SAINT JOSEPH MEDICAL CENTER (hereinafter "Presence" and/or Defendant) from approximately April 20, 2015, through her effective termination in or about March of 2016.

2.     This is an individual action brought by Malas for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (hereinafter "ADA")

3.     Plaintiff alleges such violations based on Defendant's failure to accommodate Plaintiff's reasonable request for accommodations and Defendant's discrimination based on Plaintiff's disability, history of a disability and/or a perceived disability.

4. As a result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits and Plaintiff has suffered and continues to suffer significant emotional distress. Plaintiff seeks all damages she is entitled to under law, including declaratory and injunctive relief, compensatory and punitive damages, reasonable attorneys' fees and costs and other appropriate legal and equitable relief.

**II.     Jurisdiction and Venue**

5. This Court has jurisdiction of this case pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

6. This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district.

**III.    Procedural Requirements**

7. Plaintiff has complied with all administrative prerequisites by filing with the United States Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination based on and related to the allegations complained of herein. (*See* Exhibit 1, attached hereto.)

8. On March 1, 2017, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue as to Plaintiff's above mentioned Charge and, as such, this is a timely filed Complaint. (*See* Exhibit 2, attached hereto.)

**IV.    Parties**

9. Plaintiff is a citizen of the United States of America and at all relevant times resided in Will County, Illinois.

10. Plaintiff was hired by Defendant on or around April 20, 2015, as a Clinical Research Coordinator at Presence Saint Joseph Medical Center in Joliet, Illinois. Plaintiff held

the position of Clinical Research Coordinator at said hospital until her effective termination in or about March of 2016.

11. Defendant is an Illinois corporation that owns and/or operates Presence Saint Joseph Medical Center and other medical facilities in this jurisdiction.

12. At all relevant times, Defendants qualified as employers as defined by the ADA, 42 U.S.C. § 12111.

13. At all relevant times, Plaintiff qualified as an employee as defined by the ADA, 42 U.S.C. § 12111.

14. At all relevant times, Plaintiff performed her job satisfactorily and to the reasonable expectations of her employer, Presence.

**V.     Factual Allegations**

15. Prior to her hire in April of 2015, Plaintiff, a registered nurse, informed Defendant of the fact that in 2012, she had sustained a catastrophic back injury for which she underwent two separate surgeries and which left her with certain physical limitations and a permanent disability which affected one or more life activities. Consequently, she was applying for, and was subsequently hired as, Clinical Research Coordinator, an administrative position that allowed her to work regularly and was not affected by her disability or restrictions.

16. On or about December 4, 2015, Plaintiff sustained an exacerbation of her disabling condition when she bent down at work while attempting to pick up a document that had fallen on the floor. The exacerbation resulted in a four day inpatient stay at Presence Saint Joseph Medical Center and a two and one-half month period off work.

17. In late February of 2016, after talking with her primary care physician, Plaintiff contacted her supervisor at Presence, Carol Murphy, to request a return to work with the

reasonable accommodation that she be initially scheduled only two days per week due to medical restrictions at that time.

18. Plaintiff received no response from Ms. Murphy until March 24, 2016. At that time, Ms. Murphy told Plaintiff that she must return to work three days per week. When Plaintiff informed her that she was not yet released by her physician to return for three days, Ms. Murphy informed Plaintiff that there was a two day per week option, but it had been determined that very day that the two day position would be given to another, non-disabled, less qualified employee. According to Murphy, Plaintiff would be sharing her existing job with the other individual. Upon information and belief, that individual had no experience as a Clinical Research Coordinator.

19. Plaintiff inquired as to whether she and the other new hire could switch days (Plaintiff working two days per week and the other person working three). This suggestion was met with disdain from Ms. Murphy who told Plaintiff that her "disability was ridiculous" and refused to reasonably accommodate the Plaintiff's request.

20. Despite repeated requests by Plaintiff for return to work at Presence, Defendant would neither return Plaintiff to her previous position or reassign her elsewhere, thereby terminating her employment.

21. Despite her disability, Plaintiff was able to perform all essential functions of her job during the two workdays per week she was requesting as an accommodation at that time.

22. Plaintiff's request to work two days per week while the other newly hired, non-disabled individual in her department worked three days per week would not have caused an undue hardship upon Defendants, as the two were sharing the same, singular position, and was a

4

reasonable request for accommodation of her disability under the circumstances then and there existing.

## COUNT I
### Failure to Accommodate Pursuant to Americans with Disabilities Act

23. Plaintiff repeats and re-alleges paragraphs 1-22 of the Complaint as if they are fully set forth herein.

24. Before, during and after the time Plaintiff was employed by Defendant, Plaintiff's major life activities, including but not limited to her ability to stand for significant periods, bend, push and lift heavy objects or material were significantly affected.

25. As a result of Plaintiff's spinal condition, and history thereof, Plaintiff qualified as disabled under the Americans with Disabilities Act.

26. Plaintiff requested reasonable accommodation including a temporary two day work week/job share upon her return from an acute and serious exacerbation of her disabling condition.

27. Such an accommodation with the Defendant was available but given, at the same time, to a less qualified, non-disabled individual.

28. Plaintiff's requested accommodation would not have caused an undue hardship upon Defendant.

29. Defendant violated the ADA by subjecting Plaintiff to unlawful employment actions, including but not limiting to:

    a. refusing to engage in an interactive process in response to Plaintiff's request for reasonable accommodations;

    b. refusing Plaintiff's requests for reasonable accommodation;

    c.    refusing to return Plaintiff to her position of Clinical Research Coordinator with the requested reasonable accommodation;

    d.    terminating Plaintiff.

30. As a result of Defendant's unlawful employment actions complained of herein, Plaintiff, Malas, experienced, and continues to experience, lost wages and benefits, and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendant and its agents/employees, as described herein, is in violation of American with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

(b) Awarding Plaintiff back pay and benefits and any other pecuniary losses she suffered as a result of Defendants' conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding punitive damages;

(e) Awarding Plaintiff reasonable attorneys' fees and costs; and

(f) Permanently enjoining and restraining Defendant, from, in any manner failing to provide reasonable accommodations in violation of the law.

## COUNT II
### Discrimination and Wrongful Termination
### Americans with Disabilities Act and Illinois Human Rights Act

31. Plaintiff repeats and re-alleges paragraphs 1-30 of the Complaint as if they are fully set forth herein.

32. As set forth herein, Defendants took discriminatory action against Plaintiff because of her disability, her history of disability and/or her perceived disabilities that included, but are not limited to:

  a. telling Plaintiff her disability was "ridiculous";

  b. refusing to allow Plaintiff to start back to work for two days per week upon following her medical leave but allowing another, non-disabled individual to do so;

  c. refusing Plaintiff's reasonable request for scheduling accommodations when such accommodations would not have caused an undue hardship on Defendant; and

  d. terminating Plaintiff.

33. The foregoing acts and omissions constitute violations of the ADA.

34. As a result of Defendant's unlawful employment actions complained of herein, Plaintiff, Malas, experienced, and continues to experience, lost wages and benefits, and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendants and its agents/employees, as described herein, is in violation of American with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

(b) Awarding Plaintiff back pay and benefits and any other pecuniary losses he suffered as a result of Defendants' conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding punitive damages;

(e) Awarding Plaintiff reasonable attorneys' fees and costs; and

(f) Permanently enjoining and restraining Defendants, from, in any manner discriminating against employees on the basis of a disability, history of a disability and/or perceived disability in violation of the law.

**DATED:     May 18, 2017**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                                                Respectfully Submitted:

                                                s/Seth R. Halpern
                                                Seth R. Halpern

## VERIFICATION BY CERTIFICATION

       Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

                                                s/Seth R. Halpern
                                              Seth R. Halpern, attorney

Seth R. Halpern
Meredith W. Buckley
MALKINSON & HALPERN, P.C.
208 S. LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 427-9600
shalpern@mhtriallaw.com